**TIPTON, Admx., Plaintiff-Appellant, v. DAY, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5813. Decided May 20, 1958.

Lewis F. Byers, Mac Lee Henney, Columbus, for plaintiff-appellant.
Isadore L. Margulis, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a wrongful death action brought by Margaret L. Tipton, plaintiff-appellant, as the personal representative of Norma Herren, deceased, who met her death by drowning in Buckeye Lake on May 31, 1953. The action is against Don Day, the defendant-appellee, who was the owner of the boat and liable under the provisions of §§12090-12091 GC (§4585.03 R. C.).

Our record reveals that five specifications of negligence were set forth in the petition, but the evidence offered on behalf of the plaintiff tended to support only two: (1) Operating the boat with six persons aboard despite its limited capacity of four; and (4) Not providing adequate life preservers or safety devices for the passengers. Since there was no evidence supporting specifications 2, 3 and 5, these were properly dismissed by the trial court. We find that there was substantial evidence in the record which supported specifications 1 and 4 and which would have warranted a submission of the case to the jury, if it were not for the fact that the evidence raised the issue of contributory negligence or assumed risk. These defenses were not pleaded, but it is not necessary when the issue is raised by the evidence. **Centrello v. Basky, 164 Oh St 41.**

Now the record supports the finding that plaintiff's decedent was a passenger in a fourteen foot rowboat, powered by an outboard motor and which, according to the rules promulgated by the Division of Parks for the State of Ohio, had a capacity of four persons; that about 2:00 A. M. on the morning of May 31, 1953, the said boat, loaded with six persons was crossing Buckeye Lake when a motorboat approached from its right and passed some distance in front of it. The lake was choppy and the waves produced by the motorboat were of such proportions that they went over the bow of the boat causing it to become filled with water and throwing its occupants in the lake. It also appeared that the boat had not more than two buoyant cushions which were not sufficient to sustain all persons on board. This was in violation of §479-2 GC (§1541.13[D] R. C.). It also appeared that the defendant had purchased the boat and secured a license for the same the latter part of

March, 1953; that the decedent and her children spent the week ends with the defendant at his cottage on the lake from that date until the time of the accident; that she fished with the defendant in said boat and on several occasions occupied the same with five other passengers. In other words, the decedent appeared to be as well informed as the defendant as to the size of the boat, its equipment and the manner in which it acted when in operation.

At the close of all of the evidence counsel moved for a directed verdict based upon the grounds of contributory negligence or assumption of risk. The motion was sustained and this is now claimed to constitute prejudicial error. In considering this assignment of error we are required to consider the evidence in its most favorable light towards the plaintiff and in so doing we conclude that the action of the trial court should be sustained.

The facts in this case are in certain respects quite similar to those found in **Masters v. N. Y. C. Rd. Co., 147 Oh St 293, Par. 4** of the syllabus which states:

"A person, who brings about a condition or situation obviously dangerous to himself by voluntarily exposing himself to a hazard created by another, assumes the risk of injury so created and thereby relieves such other of legal responsibility for an injury resulting from such exposures "

And continuing at page 300 Judge Hart says:

"The requisite of proximate or legal cause to sustain a recovery in a personal injury action is a limitation which the courts place upon a defendant's responsibility for the consequences of his conduct. In such cases, actual causation is always essential to liability, but it does not wholly determine it. Legal responsibility is limited to those causes so closely connected with the injurious result as to justify the imposition of liability. Thus, an efficient cause of a plaintiff's injury intervening after defendant's negligent act has been committed, contributory negligence or the assumption of the risk of injury by a plaintiff, which intervening cause, contributory negligence or assumption of risk brings about a plaintiff's injury, may insulate the negligence of the defendant and preclude a recovery.

" 'Where one party has been negligent, and the second party, knowing of such antecedent negligence, fails to use ordinary care to prevent an injury which the antecedent negligence rendered possible, and the injury follows by reason of such failure, the negligence of the second party is the sole proximate cause of such injury.' Bostwick v. Minneapolis & Pacific Ry. Co., 2 N. D., 440, 51 N. W., 781; **Cincinnati, H. & D. Rd. Co. v. Kassen, 49 Oh St 230,** 31 N. E., 282, 16 L. R. A., 674.

"Likewise, where the proximate cause of an injury is referable to the conduct of the injured party after knowledge of the risk of injury and not to that of a defendant who in the first instance creates the risk, such risk of injury is assumed by the injured party."

Now, in our case the decedent knew that the lake was choppy, for she had crossed it only a short time previously. She knew or should have known from her past experience with the boat that it did not have adequate lifesaving devices. She also knew, from the previous crossing,

the amount of water the boat drew when loaded with the same six persons. It also appears that she had been invited to return to her destination by automobile, but this she declined. It was under these conditions that she elected to assume the risk of a crossing which she knew or in the exercise of ordinary care should have known to be dangerous.

We are of the opinion that the trial court did not err in sustaining the motion and instructing the jury to return its verdict in favor of the defendant.

Several other errors have been assigned which relate to the improper admission and rejection of evidence and which have not been covered in the appellant's brief; hence, they have not been considered. Even if they had been well taken, under the present state of the record they could not have been prejudicial.

The judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.